# Bryce's Estate.

*Wills—Construction—Power of appointment—Invalid exercise of power—Vested and contingent interests.*

Testator died leaving to survive him a widow and four children, and by will gave his residuary estate to his wife for life, "with full power and authority by her will to allot and divide the same...... equally as hereinafter set forth, to and among my four children, their heirs and assigns," naming them. Testator further provided that if his wife should die intestate, his property should go to his four named children equally. One of the said children died in the lifetime of the widow, leaving no issue surviving him, and the widow by will appointed the estate which her husband had left to the three living children. *Held,* the appointment was invalid, as there was a vested interest in all four of the children, and one share should be awarded to the representatives of the deceased child.

Argued October 28, 1912. Appeal, No. 120, Oct. T., 1912, by Robert Agnew, Administrator of Stella K. Agnew, deceased, from decree of O. C. Allegheny County, Dec. T., 1910, No. 85, dismissing exceptions to adjudication in Estate of John Bryce, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Exceptions to adjudication. Before MILLER, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree dismissing the exceptions to the adjudication and awarding distribution.

*Howard Zacharias,* with him *Howard Neely and Harry Diamond,* for appellant.—Title vested in the four children by the will of their father: Com. v. Duffield, 12 Pa. 277; Reed's Appeal, 118 Pa. 215; King v. King, 1 W. & S. 205; McGill's Appeal, 61 Pa. 46; Mull v. Mull, 81 Pa. 393; Womrath v. McCormick, 51 Pa. 504; Comly's Est., 136 Pa. 153; Neely's Est., 155 Pa. 133.

*James R. Sterrett,* of *Patterson, Sterrett & Acheson,* with him *W. L. McConegly, Harry E. McWhinney* and *Langfitt & McIntosh,* for appellees.—The power was validly exercised: Paske v. Haselfoot, 33 Beav. 125; Leeds v. Wakefield, 76 Mass. 514; Boyle v. Bishop of Peterborough, 1 Ves. Jr. 299.

OPINION BY MR. JUSTICE BROWN, January 6, 1913:

John Bryce died August 3, 1888, leaving to survive him a widow, Mary Bryce, and four children: Charles K., Robert D., John P. and Ida, who subsequently became the wife of A. C. Shaw. By his will, dated November 16, 1887, he made the following disposition of his residuary estate: "All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind or nature, and wheresoever situated or found I do hereby devise and bequeath unto my said wife, Mary Bryce, to have and to hold the same for and during the term of her natural life for her sole use and benefit, with full power and authority by her will to allot and divide the same, (including my shares or interest in the firm of Bryce, Higbee and Company heretofore devised to my said wife for life) equally, as hereinafter set forth, to and among my four children, their heirs and assigns, viz: Charles K. Bryce, Robert D. Bryce, John P. Bryce and Ida Bryce, to have and to hold the same to them and their heirs forever. That is to say, my wife in making said equal distribution by her will shall take into consideration the value at the time of my death of the property hereinbefore specifically devised and bequeathed to my three sons, and shall first give to my daughter, Ida Bryce, her heirs and assigns, property of equal value to that given to each of my said sons, and shall then divide the remainder into four shares as nearly equal as she in the exercise of her best judgment can, giving to each of my said children a share. It being my intention that all of my said children shall eventually as nearly as pos-

sible share equally my estate between them, and that my wife shall be the sole judge and arbiter in making said division according to my expressed intent. But should my wife fail to make a will, then, and in that event, I do hereby devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed of whatsoever kind or nature and wheresoever found or situate, including my shares or interest in the firm of Bryce, Higbee and Company, after the death of my wife, to my four children above named, their heirs and assigns forever, to be' equally divided among them in accordance with my above expressed intent." On September 12, 1896, John P. Bryce, one of the sons of the testator, died intestate, leaving no issue, but a widow, Stella K. Bryce, who subsequently married Robert Agnew. She died intestate April 5, 1905, leaving her said husband to survive her, to whom letters of administration on her estate were duly issued. Mary Bryce, the widow of the testator, died July 19, 1910, leaving to survive her the remaining three children, and, by her will, dated May 4, 1905, she provided as follows: "Being fully conversant with all and singular my rights, powers and estate under the last will and testament of John Bryce, my late husband, to be found of record in the office of the register of wills, etc., in and for Allegheny County, Pennsylvania, in Will Book 33, at page 522, and in the belief that I am acting in full harmony therewith, I give, devise and bequeath unto my said children, Ida Shaw, Charles K. Bryce and Robert D. Bryce, share and share alike, their heirs, executors, administrators and assigns forever, all the estate, property, goods and chattels, rights and credits, real, personal and mixed, of every kind and nature which may remain and which belonged to my said husband, the said John Bryce, in his life time, the said Ida Shaw, the said Charles K. Bryce and the said Robert D. Bryce being the only three of the four children mentioned in his said will by the said John Bryce,

now living; and it is provided always that this paragraph does not include or mean, nor shall it be construed to include or mean, any income which has been paid to or received by me under and in accordance with the hereinbefore recited will of my said husband." The widow of the testator was the sole executrix of his will, but she died without having filed an account. On November 4, 1910, her executor, A. C. Shaw, filed her account as said executrix. Upon the audit of this account no question was raised as to the right of the estate of the deceased son, John P., to participate in the distribution of his father's residuary estate, and one-fourth of the same, amounting to $8,578.37, was awarded and paid to his administrator. He subsequently filed his account and, at the audit of the same, claim was made by Robert Agnew, administrator of the said Stella K. Agnew, who had been the surviving widow of John P. Bryce, for an award of one-half of the fund for distribution. The three surviving children of the testator, Ida Shaw, Charles K. and Robert D. Bryce, thereupon presented a petition to the court, which, after averring that a mistake had been made in the original decree in awarding one-fourth of the residue of the estate to the administrator of John P. Bryce, deceased, and claiming that the distribution should have been made equally among the petitioners, prayed for a review, revision and correction of the adjudication. The prayer of this petition was granted and a decree was made by a majority of the court below, directing that the amount which had been awarded to the administrator of John P. Bryce, less the expenses of administration on his estate, should be paid to the three surviving children of the testator. From this the president judge dissented, on the ground that John P. Bryce had died possessed of a vested interest in one-fourth of his father's residuary estate, and, from the refusal of the court below to so hold, we have this appeal by

Robert Agnew, administrator of the estate of Stella K. Agnew, formerly Stella K. Bryce.

The intention of the testator, as clearly expressed in the quoted clause of his will was that, upon the death of his widow, his residuary estate, to be enjoyed by her for life, should be divided equally among his four children, whom he named, and, unless the power to allot and divide which he gave to his widow made the interest of each child a contingent one at the time of his death, it undoubtedly then vested. What was the power given to the widow? It was not to appoint generally, and it was not even to appoint to a particular class, for the testator himself had directed where his residuary estate should go. It was a power which merely authorized her to make equal division among the four beneficiaries named by her husband or "their heirs and assigns." Instead of so allotting and dividing the estate, she, by her will, divided it into three parts, but, as she was utterly without authority to do this, there was no valid exercise of the limited power given to her. She undertook to exclude the estate of the deceased son, but there is nothing in the will of the testator to indicate, even by implication, his intention that the power which he gave her was to be changed or enlarged in the event of the death of any one of the children during her lifetime. On the contrary, he provided in express terms for such a contingency when he directed that his estate should be divided equally among his four children, "their heirs and assigns." Each child derived title immediately from him, the donor of the limited power given to their mother, and it was his bounty—not hers —that was to be distributed at her death: Commonwealth v. Duffield, 12 Pa. 277. Her stewardship over the estate was limited to allotting and dividing it equally among the four children, to each of whom the father had given an interest in it, which vested at the time of his death. This was the correct view of the learned president judge of the court below. The as-

signments of error are sustained, the decree is reversed and the original adjudication, awarding $8,578.37 to the administrator of John P. Bryce, deceased, is confirmed, the costs in the proceeding in the court below to amend the said adjudication and on this appeal to be paid by the appellees.